# UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JIMMIE L. WILLIAMS, JR.,**

      **PLAINTIFF,**

**-VS-**                          **CASE NO. 6:07-CV-212-ORL-KRS**

**COMMISSIONER OF SOCIAL SECURITY,**

      **DEFENDANT.**

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S UNCONTESTED PETITION FOR ATTORNEY'S FEES (Doc. No. 23)** |
| **FILED:** | April 15, 2008 |

**THEREON** it is **ORDERED** that the motion is **GRANTED**.

The plaintiff, Jimmie L. Williams, Jr., seeks an award of attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. A final judgment reversing the decision below was entered on February 27, 2008. Doc. No. 20. As the plaintiff's motion is unopposed, an award of fees and costs is ripe for consideration.[1]

---

[1] The EAJA requires a prevailing party to file an application for attorney's fees within thirty days of final judgment on the action. 28 U.S.C. § 2412(d)(1)(B). However, a judgment does not become final until the end of the sixty day period for filing an appeal. *Shalala v. Schaefer*, 509 U.S. 292, 302-03 (1993). Because the Commissioner has consented to this motion, the Court need not wait until the time for filing an appeal passes before ruling on the petition for attorney's fees.

Williams' attorney of record, Richard A. Culbertson, seeks $563.62 in fees, and Thomas S. Rice, an attorney associated with Culbertson, seeks $3,279.06 in fees. The hourly rate sought is $161.85 for work performed in 2006, and $166.45 for work performed in 2007.

The EAJA states that the amount of attorney's fees and costs shall be based on prevailing market rates, "except that attorney's fees shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). Williams has provided an analysis based on the Consumer Price Index (CPI) that supports the requested hourly rates. Accordingly, I find that these rates are reasonable without objection.

I also find that the total hours worked by each attorney were reasonable in the absence of objection.

Williams submitted an Assignment by which he assigned any attorneys' fees awarded by the Court to Attorney Culbertson. Doc. No. 23-2. Accordingly, it is **ORDERED** that the Commissioner shall pay to Attorney Culbertson $3,842.68 in attorneys' fees.[2]

**DONE** and **ORDERED** in Orlando, Florida on April 16, 2008.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Parties

---

[2] The fees were calculated as follows: hours worked by Culbertson in 2006 (0.5) x reasonable hourly rate ($161.85) + the hours worked by Culbertson in 2007 (2.9) + hours worked by Rice in 2007 (19.7) x reasonable hourly rate ($166.45).